(No. 75-CV-46—▮▮▮▮)

JOHN T. MATTHEWS, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed June 16, 1975.*

THOMAS D. ADAMS, Attorney for Claimant.

WILLIAM J. SCOTT, Attorney General; HOWARD W. FELDMAN, Assistant Attorney General, for Respondent.

PER CURIAM.

This claim arises out of a criminal offense that occurred on December 28, 1973, at three miles north of Waterloo, Illinois, at the Half Way Tavern. John T. Matthews seeks compensation pursuant to the provisions of the "Crime Victims Compensation Act," Ill. Rev. Stats., 1973, Ch. 70, par. 71, *et seq.* (hereafter referred to as "*the Act*").

This Court has carefully considered the application for benefits submitted on the form prescribed and furnished by the Court; and a report of the Attorney General of the State of Illinois which substantiates matters set forth in the application. Based upon these documents and other evidence submitted before the Court, the Court finds:

1. That the claimant, John T. Matthews, age 29, was a victim of a violent crime as defined in §2(c) of the Act, to wit:

"Aggravated Battery". (*Ill. Rev. Stat., 1973, Ch. 38, §12-4*).

2. That on December 28, 1973, claimant received severe lacerations on the left side of his face when he attempted to assist a bartender who was being assaulted by a number of individuals.

3. That statements taken by the police investigators shortly after the crime was committed, present no evidence of any provocation by the decedent for the attack upon him by the assailants.

4. That a further and more detailed summary of the facts and information considered by the Court is contained in the Investigatory Report prepared by the Attorney General. A copy of said report is retained in the court's file in this matter, and the facts as reported therein, are incorporated in this Opinion by reference.

5. That to date, none of the assailants have been charged with the subject crime.

6. That the victim and the assailants were not related nor sharing the same household.

7. That the criminal offense was promptly reported to law enforcement officials, and claimant has fully cooperated with their requests for assistance.

8. That the claimant seeks compensation under the Act for pecuniary loss in the amount of $645.50 as follows:

Hospital ........................................ $432.50
X-Ray ........................................... 13.00
Doctor .......................................... 200.00

9. Claimant missed seven days of work due to the injuries resulting from the criminal incident reported herein. His average monthly earnings for the six months preceding the injury were greater than $500, therefore, as set forth in the statute, the claimant's loss of earnings will be based upon a maximum of $500 per month thereby allowing $116 for loss or earnings.

10. That this claimant has received $593.77 from Lincoln National Insurance Company in partial payment of his medical expenses.

11. That the claimant did not provoke the incident.

12. That this Court must deduct the first $200 in pecuniary loss from any award that this claimant might be entitled to.

13. That after allowing for all benefits and the statutory $200 deduction this claimant does not have a pecuniary loss sufficient to warrant any award.

IT IS, THEREFORE ORDERED that this case be and the same is hereby closed.

## LAW ENFORCEMENT OFFICERS AND FIREMEN COMPENSATION ACT